# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STAUBLEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACADIA PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | Case No.: 18-cv-1647-AJB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING CONSOLIDATION;**<br>**(2) APPOINTING LEAD PLAINTIFF;** and<br>**(3) APPOINTING LEAD COUNSEL**<br><br>**(Doc. Nos. 13, 16, 18, 19, 20)** |

Before the Court are competing motions to appoint lead plaintiff and lead counsel in this case. Plaintiffs Joseph Paolantonio, Siry Investments, LP, and Thomas Wood all move to be appointed lead plaintiff. (Doc. Nos. 18, 19, 20.) Plaintiffs David Harper and Mitchell Johnson, who originally moved, filed non-oppositions to the competing motions. (Doc. Nos. 24, 29.) The Court **GRANTS** Wood's motion for lead plaintiff and appointment of counsel, (Doc. No. 20), and **DENIES** all other competing motions, (Doc. Nos. 13, 16, 18, 19), for the reasons outlined below. The Court also **GRANTS** the parties' requests to consolidate.

## I. BACKGROUND

Plaintiff represents a class of those who acquired ACADIA securities between April 29, 2016, and July 9, 2018, and who are suing under the Securities Exchange Act of 1934. (Doc. No. 1 ¶ 1, *Staublein Complaint*.) Plaintiffs allege that on April 29, 2016, the U.S.

Food and Drug Administration ("FDA") approved ACADIA's lead drug, NUPLAZID. (*Id.* ¶¶ 2, 3.) On April 9, 2018, CNN reported that physicians and other experts were worried that NUPLAZID had been prematurely approved by the FDA due to the mounting deaths. (*Id.* ¶ 6.) Plaintiffs allege ACADIA made "materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects." (*Id.* ¶ 12.) Specifically, Plaintiffs allege that ACADIA "failed to disclose: (1) that adverse events and safety concerns related to NUPLAZID threatened the drug's initial and continuing FDA approval; (2) that ACADIA engaged in business practices likely to attract regulatory scrutiny; and (3) that, as a result of the foregoing, Defendants' statements about ACADIA's business operations, and prospects, were materially false and/or misleading and/or lacked a reasonable basis." (*Id.*)

## II.   REQUEST FOR CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that "when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated[.]" Fed. R. Civ. P. 42(a). The district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).

Additionally, the Private Securities Litigation Reform Act ("PSLRA") directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Further, 15 U.S.C. § 78u-4(a)(3)(B)(ii) requires that any motions for consolidation be decided first, and that "as soon as practicable" thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Here, there are three actions which plaintiffs request to consolidate: *Staublein v.*

*Acadia Pharmaceuticals et al.*, 18-cv-1647-AJB-BGS, *Stone v. Acadia Pharmaceuticals et al.*, 18-cv-1672-AJB-BGS, and *Barglow v. Acadia Pharmaceuticals et al.*, 18-cv-1812-AJB-BGS. The three actions involve similar factual and legal issues surrounding the same alleged misconduct by ACADIA, between April 29, 2016, and July 9, 2018. (Doc. Nos. 13-1 at 9–10; 16-1 at 5–6; 18-2 at 5; 19-1 at 4–5; 20-1 at 9–11.) Accordingly, the Court **GRANTS** the parties' motions to consolidate.

### III. APPOINTMENT OF LEAD PLAINTIFF

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

By its terms, the PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted). Finally, at the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive

lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.

### 1. Procedural Requirements

Under the PSLRA, a plaintiff who files a securities litigation class action must provide notice to class members via publication in a widely-circulated national business-oriented publication or wire service within 20 days of filing the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(I). The notice must: (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period; and (2) inform potential class members that, within 60 days of the date on which notice was published, any members of the purported class may move the court to serve as lead plaintiff in the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)–(II).

Here, Paolantonio, Siry Investments, and Wood all met the procedural requirements and timely moved for appointment. (Doc. Nos. 18-2 at 6; 19-1 at 6; 20-1 at 12–13.)

### 2. Largest Financial Interest

Wood asserts that he "(1) purchased 244,410 Acadia shares; (2) expended $6,551,018 on his purchases of Acadia securities; (3) retained 100,000 shares of Acadia securities; and (4) as a result of the disclosures of the fraud, suffered a loss of approximately $812,129 on a FIFO basis or approximately $810, 874 on a LIFO basis in connection with his Class Period purchases." (Doc. No. 20-1 at 14.) It is undisputed that Wood has the largest financial interest. (Doc. Nos. 27 at 8; 32 at 3.) Accordingly, it is easily established that Wood has the largest financial interest.

### 3. Rule 23 Requirements

Although Wood has the largest financial interest, Siry Investments alleges that Wood has not made the requisite showing of typicality or adequacy to trigger the PSLRA presumption. *See Cavanaugh*, 306 F.3d at 729–31 ("The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).").

The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011) (citing *Schonfield v. Dendreon Corp.,* Nos. C07-800MJP, C07-869MJP, C07-870MJP, C07-898MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007)). The representative claims need only be "reasonably co-extensive" with those of absent class members, rather than "substantially identical" to them. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

This requirement concerns whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two primary adequacy inquiries are (1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Siry Investments claimed that nothing is known of Wood's identity, and therefore would make it impossible for the Court to determine typicality. (Doc. No. 27 at 9.) In Siry Investments' opposition, Siry Investments identified a different Thomas Wood and accordingly, asserted that Wood may be subject to unique defenses as his identity was unknown. (*Id.* at 11–15.) However, in Wood's reply, he identifies himself as a sixty-five-year-old business owner residing in Mississippi. (Doc. No. 30 at 5–8.) Accordingly, Wood's identity is now known to the Court and the parties.

Siry Investments asserts that Wood's motion appears to be the product of an improper and unprecedented lawyer-driven solicitation campaign. (Doc. No. 27 at 15–19.) Pomerantz, Wood's proposed legal counsel, filed thirty-one separate press releases. (*Id.*) While one of the goals of the PSLRA is to reduce lawyer-driven litigation, the cases relied upon by Siry Investment are distinguishable. In both *Tsirekidze* and *Bowman*, the lead plaintiff was a group of class members that had been specifically created by the law firms. *See Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655, 658 (N.D. Cal. 2000); *Tsirekidze v.*

5

*Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008). Thomas Wood is not a group of class members hand-selected by Pomerantz to serve as lead plaintiff.

Siry Investments' main argument against Wood being appointed lead plaintiff is that the redaction of Wood's certification may implicate concerns that Wood is unaware that he is seeking appointment as lead plaintiff and whether he is aware that Pomerantz is his proposed lead counsel. (Doc. No. 27 at 9–11.) In Wood's declaration attached to his reply, Wood declares "I have communicated with counsel from Pomerantz by telephone and email regarding this litigation." (Wood Decl., Doc. No. 30-1 ¶ 5.) Importantly, in his declaration, Wood asserts: "Prior to the filing of my motion for consolidation, appointment as Lead Plaintiff, and approval of counsel, I was aware that Pomerantz would be filing this motion on my behalf as selection of counsel, and I **authorized** this filing." (*Id.* (emphasis added).) Based on Wood's declaration, the Court is satisfied that Wood was aware he was seeking appointment as lead plaintiff and that Pomerantz would be his proposed lead counsel as he authorized the filing of this motion.

Accordingly, the Court **GRANTS** Wood's motion for lead plaintiff and **DENIES** Paolantonio, Siry Investments, Harper and Johnson's motions for lead plaintiff.

### IV. APPOINTMENT OF LEAD COUSNEL

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Wood wishes to appoint "Pomerantz law firm as Lead Counsel for the Class." (Doc. No. 20-1 at 18.) Pomerantz has prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. (Pafiti Decl., Ex. D, Doc. No. 20-1 at 18.) The Court finds Pomerantz has the resources and experience to effectively manage the class litigation. Thus, Pomerantz is appointed as Lead Counsel.

///

///

///

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Wood's motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel in its entirety. (Doc. No. 20.) The Court **DENIES** Paolantonio, Siry Investments, Harper and Johnson's motions to appoint lead plaintiff and to appoint lead counsel. (Doc. Nos. 13, 16, 18, 19.) The Court **ORDERS** as follows:

1. Pursuant to Federal Rule of Civil Procedure 42(a), *Staublein v. Acadia Pharmaceuticals et al.*, 18-cv-1647-AJB-BGS, *Stone v. Acadia Pharmaceuticals et al.*, 18-cv-1672-AJB-BGS, and *Barglow v. Acadia Pharmaceuticals et al.*, 18-cv-1812-AJB-BGS, and all related actions are consolidated for all purposes (the "Consolidated Action"). This Order shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this District or is transferred to this District, and is consolidated with the Consolidated Action.

2. A Master File is established for this proceeding. The Master File shall be Case No. 3:18-cv-01647-AJB-BGS. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3. An original of this Order shall be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5. Every pleading in the Consolidated Action shall have the following caption:

| IN RE ACADIA PHARMACEUTICALS INC. SECURITIES LITIGATION | No. 3:18-cv-01647-AJB-BGS |
|---|---|

6. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

7. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    (a) File a copy of this Order in the separate file for such action; and

    (b) Make the appropriate entry in the Master Docket for the Consolidated Action.

8. Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

9. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Thomas Wood is appointed to serve as Lead Plaintiff in the Consolidated Action.

10. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Thomas Wood's selection of Pomerantz LLP as Lead Counsel for the class is approved. Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Additionally, Lead Counsel shall have the following responsibilities:

    (a) to brief and argue motions;

    (b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    (c) to direct and coordinate the examination of witnesses in depositions;

(d) to act as spokesperson at pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to initiate and conduct any settlement negotiations with Defendants' counsel;

(g) to consult with and employ experts; and

(h) to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: February 26, 2019

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge